CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2016 AUG 26 PM 3: 07

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BLAKE MCCORKLE and REBECCA MCCORKLE, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 1:15-CV-00154-BL |
| COBRA ENTERPRISES OF UTAH, INC., A Utah Corporation, and HORNADAY MANUFACTURING COMPANY, a Nebraska Corporation, | § § § § § § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Now before the Court is a Motion for Summary Judgment filed by Defendant Hornaday Manufacturing Company. (Doc. 17). Plaintiffs filed suit in state court after Mr. McCorkle sustained physical injury operating a firearm manufactured by Cobra Enterprises sold by Wild Bill's with ammunition manufactured by Hornaday. Cobra and Hornaday removed to federal court after Wild Bill's was dismissed on the basis of a liability waiver. (Doc. 12). The parties have not consented to the jurisdiction of the United States Magistrate Judge. Plaintiffs did not timely respond to this Motion for Summary Judgment as provided by Local Rule 7.1(e).

### I. FACTUAL BACKGROUND

On May 2, 2013, Blake McCorkle purchased a Cobra Cimarron Titan .45 caliber handgun in new condition from Wild Bill's. On May 4, 2013, Mr. McCorkle loaded the firearm with Hornaday ammo and fired it for the first time. McCorkle described the weapon "exploding" on this first use and sustaining injuries in the presence of his wife and friends. The McCorkles filed suit against Cobra, Wild Bill's, and Hornaday on May 1, 2015. (Doc. 1, 1). After becoming

aware of a December 2, 2014 document purporting to release Wild Bill's from liability, Cobra removed to federal court on August 18, 2015. (Doc. 1-3; Doc. 1). A motion to remand was denied on January 25, 2016. (Doc. 12). Hornady moves for summary judgment based on the pleadings as well as Mr. McCorkle's deposition.

## II. APPLICABLE LEGAL STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 65(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment." *Kellough v. Bertrand*, 22 F.Supp.2d 602, 606 (S.D. Tex. 1998) (citing *Anderson*, 477 U.S. at 247-48).

"Although the court consider[s] the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the non[-]movant, the nonmoving party may not rest on the mere allegations or denials of its pleadings, but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000) (quoting *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999), *cert. denied* 528 U.S. 1160 (2000)); *accord Celotex*, 477 U.S. at 324 (the non-movant must identify specific evidence in the record and show how it presents a genuine issue of material fact

for trial); *Cass v. City of Abilene*, 2016 WL 737077 (5th Cir. Feb 24, 2016) (*per curiam*) ("[T]o avoid summary judgment, the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial.") (quoting *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

"[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Furthermore, the Court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

### III. DISCUSSION

Hornaday claims the evidence, pleadings, and depositions show any injury to Mr. McCorkle was caused solely by the firearm itself and not by the round of ammo. Hornaday first asserts the "existence of a defect is an essential element common to … claims for strict liability, breach of warranty, and negligence." (Doc. 18, 7) It next points to the deposition of Mr. McCorkle, where he states that he purchased the box of ammo in question in December of 2012, fired 12 rounds from that box in the same month, and next fired ammo from that box on May 4, 2013, when he reported the explosion and injuries. (Doc. 18, 7-8). Hornaday also notes that Mr. McCorkle, in the same deposition, reported he wouldn't believe a finding that the Hornaday ammo was defective because he had used it with a different weapon previously and not had an issue, and that he believed "[t]he odds of getting one defective round out of an entire box are astronomical." (Doc. 18, 10) (quoting Doc. 20, 36). Mr. McCorkle also confirmed buying 11

other types of Hornaday ammo since the May 4, 2013 incident, as well as purchasing and using again the type of ammo in question in this suit. (Doc. 18, 11) (quoting Doc. 20, 30).

Hornaday additionally shows that no pieces or fragments of the round in question were retained for testing or examination, and so "there is no physical evidence from the subject .45 LC bullet upon which to conduct any scientific or technical evaluation to determine if a defect existed." (Doc. 18, 17). Hornaday believes this evidence shows there is no genuine issue of material fact in the McCorkles' claim that the ammunition was defectively designed or manufactured.

This motion for summary judgment was filed on July 26, 2016. (Doc. 17). Local Rule 7.1(e) states that a party has 21 days to respond to an opposed motion. Although they are entitled to reasonable inferences and consideration of the evidence, the McCorkles have a burden to show a genuine issue of material fact when faced with a motion for summary judgment, and have not responded. By failing to respond, they have not met that burden and Hornaday is entitled to summary judgment.

## IV. CONCLUSION

Therefore, it is **RECOMMENDED** that Defendant Hornaday Manufacturing Company's Motion for Summary Judgment (Doc. 17) be **GRANTED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docked of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated August 26, 2016.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**